429 P.2d 47

Klaus D. GURGEL, Plaintiff and Respondent,

v.

D. Wayne NICHOL, Defendant and Appellant.

No. 10793.

Supreme Court of Utah.

June 15, 1967.

Critchlow, Watson & Warnock, Ned Warnock, Salt Lake City, for appellant.

Karras, Van Sciver & Yocom, David E. Yocom, Salt Lake City, for respondent.

ELLETT, Justice:

The appellant, D. Wayne Nichol, had a mortgage on his home, and being unable to meet the payments, suffered foreclosure to be taken against him. His home was sold at sheriff's sale on the 26th day of January, 1965, to one D. L. Holt. Appellant remained in possession of the home under his right to redemption, which he never exercised, until the 7th of August, 1965, when he vacated the property. On the 25th day of April, 1966, D. L. Holt and his wife sold the property under uniform real estate contract to the respondent, plaintiff herein, Klaus D. Gurgel. On the 8th day of May, 1966 the appellant went to the old home and without any prior request or without any permission to do so entered the property and removed therefrom some personal property which he had used in the business of building swimming pools before his mortgage was foreclosed. He promptly got sued for doing so, and by way of answer and counterclaim he contended that the property was his and that he had a right to get it. He also set forth that he had subsequently demanded the remainder of his personal property left at the old home but that the respondent refused to let him have it and thereby converted it to his own use.

The pleadings were supplemented by an affidavit on the part of the respondent wherein he alleged the sale of the property at sheriff's sale to D. L. Holt; that the property was delivered to Holt, "together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in any way appertaining includ-

ing the property" (the personal property claimed by defendant). The affidavit further stated that the real property remained in the sole and exclusive possession of the plaintiff since the date of his purchase. It also stated that the defendant had unlawfully trespassed upon the property and took and carried away the personal property and converted it to his own use, to the plaintiff's damage in the sum of $1500.

Plaintiff then filed a motion for summary judgment, which motion was granted by the court.

The appeal in this case is concerned with one problem only, and that is whether or not the appellant in leaving his personal property at the old homestead for a period of nine months without removing the same or doing anything by way of making arrangements to have it taken care of, thereby abandoned it.

■ Whether or not personal property is abandoned by the owner is a matter of intention, which is ordinarily a question of fact to be ascertained by a jury upon a consideration of all of the facts and circumstances in the case.

■ Section 41 of 1 Am.Jur.2d, Abandoned, Lost, Etc., Property, reads as follows:

Mere nonuse of property, lapse of time without claiming or using property, or the temporary absence of the owner, unaccompanied by any other evidence showing intention, have generally been held not enough to constitute an abandonment. However, such facts are competent evidence of an intent to abandon and as such are entitled to great weight when considered with other circumstances, as, for instance, a failure on the part of the owner by acts or otherwise to assert any claim to the property or right alleged to have been abandoned. But mere nonuser is not evidence of abandonment unless it continues for the statutory period of limitation of actions to recover the right or property, or unless it would be inequitable to allow the right to be asserted.

The probative force of a showing of absence, lapse of time, and nonuser may of course be rebutted by proof of facts or circumstances explaining the relinquishment and showing the absence of an intention to abandon the thing or the right, and slight circumstances have been allowed to rebut the inference of abandonment arising from long disuse. * * *

■ It may be that upon a trial of this case the jury, or the court if no jury is had, could find from a lapse of time that there had been an abandonment, but we do not believe that the court can say as a matter of law that personal property is abandoned when nothing more is shown than a delay of nine months in coming to get it.

■ The plaintiff made some claim of right to the personal property by reason of

the terms "tenements, hereditaments, and appurtenances" in the deed given to his predecessor. This claim is dismissed as being without merit.

The judgment of the trial court is reversed and the matter remanded for further proceedings not inconsistent with this opinion. Costs to the appellant.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ.